UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


ANN TONEY,

      Plaintiff,                      CIVIL ACTION NO. 09-14758

      v.                             DISTRICT JUDGE PAUL D. BORMAN

WEBER AND OLCESE, PLC,        MAGISTRATE JUDGE VIRGINIA M. MORGAN
JEFFREY WEBER, MICHAEL
OLCESE, ROBERT J. REZNICK,
and DUE PROCESS OF MICHIGAN, INC.

      Defendants.
_____/

## REPORT AND RECOMMENDATION TO DISMISS DEFENDANTS WEBER AND OLCESE, PLC, JEFFREY WEBER, AND MICHAEL OLCESE

**I. Introduction**

      This is an action in which plaintiff alleges that defendants engaged in a conspiracy to abuse debtors and violate their civil rights. The matter comes before the court on defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese's Motion to Dismiss as a Sanction for Plaintiff's Failure to Comply With Discovery Order (D/E #26). Plaintiff's counsel filed a response to that motion to dismiss (D/E #29). For the reasons stated below, this court recommends that the motion to dismiss be **GRANTED** and that the claims against defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese be dismissed with prejudice.[1]

---

[1]This court would also note that, while the defendants Robert Reznick and Due Process of Michigan, Inc. filed an answer to the complaint (D/E #19), they are not parties to the motion

1

**II. Discussion**

On September 25, 2010, this court granted a motion to compel filed by defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese (D/E #25). Specifically, this court noted that plaintiff's counsel had been unable to locate his client and ordered that:

> Plaintiff is to return to her counsel the initial disclosures and responses to the previously propounded discovery requests by October 15, 2010. Plaintiff also needs to appear for her deposition on Tuesday, October 19, 2010, at 9:00 a.m., in the offices of defense counsel. If plaintiff does not respond to the discovery requests by October 15, 2010, then the deposition is cancelled. If plaintiff fails to both respond to the discovery requests and appear for her deposition, then it is recommended that her case be dismissed for lack of prosecution.

[D/E #25, p. 2]

According to defendants' motion to dismiss (D/E #26), plaintiff failed to submit initial disclosures, respond to discovery requests, or appear for a deposition in compliance with this court's order. Defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese therefore seek dismissal of the claims against them as a sanction for plaintiff's failure to comply with discovery order.

In the response to the motion to dismiss (D/E #29), plaintiff's counsel admits that plaintiff has not complied with this court's order and requests that the court take action it deems appropriate and necessary under the circumstances of the case.

Pursuant to Fed. R. Civ. P. 37(b)(2)(A), a court "may sanction parties who fail to comply with its orders in a variety of ways, including dismissal of the lawsuit." Bass v. Jostens, Inc., 71

---

to dismiss. Accordingly, the claims against those defendants should remain pending.

F.3d 237, 241 (6th Cir. 1995). Dismissal is an appropriate sanction "where the party's failure to cooperate with the court's discovery orders is due to willfulness. A willful violation occurs whenever there is a conscious and intentional failure to comply with the court order." Id. In deciding whether to dismiss an action under Rule 37(b)(2) (A), the court must consider the following four factors: "(1) evidence of willfulness or bad faith; (2) prejudice to the adversary; (3) whether the violating party had notice of the potential sanction;(4) whether less drastic sanctions have been imposed or ordered." Phillips v. Cohen, 400 F.3d 388, 402 (6th Cir. 2005) (citing Bass, 71 F.3d at 241).

Here, the above factors weigh in favor of dismissal. There is evidence of willfulness and bad faith as plaintiff repeatedly failed to answer discovery requests and completely failed to comply with this court's order without any explanation. Defendants have suffered prejudice from that willfulness and bad faith as they were unable to conduct discovery in this matter prior to the close of discovery and the dispositive motion cut-off (D/E #20). Plaintiff was put on notice that this court would recommend dismissal if she failed to comply with its order and it does not appear that any less drastic sanctions would be effective. Accordingly, this court recommends that the claims against defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese be dismissed with prejudice.

## III. Conclusion

For the reasons stated above, this court recommends that defendants Weber and Olcese, PLC, Jeffrey Weber and Michael Olcese's motion to dismiss be **GRANTED** and that the claims

against them be dismissed with prejudice. As noted above, defendants Robert Reznick and Due Process of Michigan, Inc. have filed an answer to the complaint, but they are not part of the motion to dismiss and the claims against those two defendants should remain.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. Thomas v. Arn, 474 U.S. 140 (1985); Howard v. Secretary of HHS, 932 F.2d 505, 508 (6th Cir. 1991); United States v. Walters, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. Willis v. Secretary of HHS, 931 F.2d 390, 401 (6th Cir. 1991); Smith v. Detroit Fed'n of Teachers Local 231, 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

    S/Virginia M. Morgan
    Virginia M. Morgan
    United States Magistrate Judge

Dated: November 15, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing report and recommendation to dismiss was served upon counsel of record via the Court's ECF System and/or U. S. Mail on November 15, 2010.

                                                s/Jane Johnson
                                                Case Manager to
                                                Magistrate Judge Virginia M. Morgan